UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVID BAUGHMAN,<br><br>　　　　　Respondent. | No. 2:21-cv-2241 TLN KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a November 16, 2016 prison disciplinary decision finding him guilty of conspiracy to introduce a controlled substance. Petitioner seeks reversal and expungement of the disciplinary decision, claiming he was denied due process at the disciplinary hearing. Presently before the court is respondent's fully-briefed motion to dismiss the petition as untimely. For the reasons set forth below, it is recommended that the motion be granted.

State Court Proceedings

On April 1, 2016, petitioner was charged with conspiracy to introduce a controlled substance. (ECF No. 1 at 30.) Petitioner appeared before a senior hearing officer on November 16, 2016, and was found guilty of the disciplinary charge. (ECF No. 1 at 50-59.) Petitioner challenged the disciplinary decision through the administrative appeal process. (ECF No. 1 at 63-

71.)  The inmate appeal process challenging the disciplinary decision was completed on June 13, 2017, when the third level appeal decision issued.  (ECF No. 1 at 72.)

On September 23, 2017, petitioner signed a petition for writ of habeas corpus filed in the Sacramento County Superior Court on October 2, 2017.[1]  (ECF No. 9 at 8-54.)  The superior court denied his petition on April 6, 2018.  (ECF No. 1 at 89-92.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on June 13, 2019.[2]  (ECF No. 9 at 56-62.)  The Court of Appeal summarily denied the petition on June 20, 2019.  (ECF No. 1 at 94 (No. C089697).)

On August 28, 2019, petitioner signed a petition for writ of habeas corpus filed in the California Supreme Court on September 30, 2019.  (ECF No. 9-1 at 2-133.)  The petition was summarily denied on January 2, 2020.  (ECF No. 1 at 96.)

Federal Habeas Proceedings

Petitioner filed the instant petition on December 6, 2021.[3]  Petitioner alleges that he is entitled to habeas relief because he was deprived of the right to due process at the hearing on the prison disciplinary.

On March 4, 2022, respondent filed a motion to dismiss.  (ECF No. 9.)  Petitioner filed an opposition; respondent did not file a reply.  (ECF No. 11.)

////

////

---

[1] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 270 (1988).  It has been held that the date the petition is signed may be inferred to be the earliest possible date an inmate could have submitted his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).  Unless otherwise indicated, petitioner's filings have been given the benefit of the mailbox rule.

[2] Petitioner did not provide a proof of service with this state court petition.  The court is unable to use petitioner's signature date because the petition is dated May 4, 2018, but the petition was not filed until June 13, 2019.

[3] Petitioner did not provide a proof of service with his federal petition.  The court is unable to use the July 5, 2021 date petitioner signed his pleading because the filing was not received by the court until December 6, 2021.

Motion to Dismiss

    Legal Standards

A respondent's motion to dismiss is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Under Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

    Statute of Limitations

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

U.S.C. § 2244(d)(1).

Where "a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'" Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir.2012) (quoting 28 U.S.C. § 2244(d)(1)(D)). See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir.2004) (holding that the statute of limitations begins to run when the petitioner's administrative appeal was denied); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial

of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). In the present case, the statute of limitations began running once petitioner's administrative appeal process was completed.

Statutory Tolling

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed. . . ." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), implicitly overruled on other grounds as recognized by Nedds v. Calderon, 678 F.3d 777, 780-81 (9th Cir. 2012). Once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is pending, provided that the petition is timely filed under state law. 28 U.S.C. § 2244(d)(2); Evans v. Chavis, 546 U.S. 189, 192-93 (2006); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). A properly filed state post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. Carey v. Saffold, 536 U.S. 214, 223 (2002). But the new petition filed in the higher court is considered timely only if it is filed within a "reasonable time." Chavis, 546 U.S. at 192-93. "A petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered pending, or properly filed, within the meaning of § 2244(d)." Nedds, 678 F.3d at 780 (internal quotations and citations omitted). See, e.g., Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (petitioner's unexplained filing delays of 101 and 115 days were not reasonable, and thus could not "fall within the scope of the federal statutory word pending" (citation and quotation marks omitted)); see also Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (unexplained 82-day delay between denial of first petition and filing of third petition was unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (unexplained gaps of 80 and 91 days were not reasonable).

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820,

823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that application for state post-conviction relief does not toll statute of limitations when filed after statute of limitations expired).

Equitable Tolling

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Waldron-Ramsey, 556 F.3d at 1011. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Analysis

Is the Petition Untimely?

The statutory time period for this case began on June 14, 2017, the day after the denial of petitioner's inmate appeal became final. Under the mailbox rule, petitioner filed a petition in the superior court on September 23, 2017. During such time, 101 days of the limitations period expired. The statute of limitations was then tolled while the petition was pending before the superior court, from September 23, 2017, to April 6, 2018, when the superior court denied the petition. Petitioner did not file his petition in the California Court of Appeals until June 13, 2019, 432 days after the superior court denied his petition.

As argued by respondent, the 432-day delay between the denial of petitioner's superior court petition and petitioner's filing in the Court of Appeal was unreasonable; therefore,

petitioner is not entitled to tolling during that interval.  (ECF No. 9 at 4.)  The statute of limitations is tolled during the time a properly filed petition is pending in state court.  28 U.S.C. § 2244(d)(2).  Here, petitioner did not have a properly filed petition pending for 432 days, and petitioner failed to address or explain his lengthy delay.  The petitions filed in the California Court of Appeal and the California Supreme Court were filed after a 432-day delay.  Thus, they were filed outside the one-year statute of limitations and neither petition can revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Accordingly, petitioner's federal petition was filed outside of the limitations period and is untimely unless he can show that he is entitled to equitable tolling.

Is Petitioner Entitled to Equitable Tolling?

Petitioner initially argued that he is entitled to equitable tolling from March 2020 to December 21, 2021, due to the COVID-19 pandemic.  However, as argued by respondent, the statute of limitations period in this case had long expired before the COVID-19 pandemic began.  Thus, the pandemic provides no equitable tolling.

In his opposition, petitioner now contends that he should be provided equitable tolling for the four months he was without his legal property while housed in administrative segregation.  (ECF No. 11 at 2.)  However, petitioner was sent to administrative segregation on January 30, 2019, long after the petition was due in the California Court of Appeal.  The superior court denied the petition on April 6, 2018; a reasonable time frame for filing in the Court of Appeal would be no later than sixty days, or June 6, 2018.  Petitioner's lack of legal property over seven months later had no bearing on his inability to file his petition in mid-2018.

Petitioner failed to meet his burden to show that he pursued his rights diligently, and that some extraordinary circumstance precluded him from timely filing.  Thus, petitioner is not entitled to equitable tolling.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted; and

2. The petition be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability "should issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling, and that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Dated:  October 19, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jone2241.mtd.hc.sol